IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ray Edward Wells, | ) | C/A NO. 2:10-3111-CMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Warden Larry W. Powers; Lieutenant Sargent; Sergeant Woodford; Officer David Perry; Officer J. McCain; Officer Snipes; Officer Cochran; Officer Green; Dr. Bianco; Nurse Susan Blackwell; Nurse Byars; Officer Tomhas Brown, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983. On February 6, 2012, the United States Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("Report") recommending that Plaintiff's motions for summary judgment and to strike be denied, Defendants' motions for summary judgment be granted, and this matter dismissed with prejudice. ECF No. 103. Attached to the Report was notice that written objections to the Report were to be filed within fourteen (14) days of the date of service of the Report. *Id*. at 21. On February 28, 2012, in the absence of objections, the undersigned issued an Opinion and Order adopting the Report and awarding summary judgment to Defendants. ECF No. 105.

Plaintiff's objections were due Friday, February 24, 2012. *See* F.R.Civ. P. 6(a)(1)(C); 5(b)(2)(C). Plaintiff's objections were not received by the Clerk until Wednesday, February 29,

2012. Therefore, they are untimely.[1]

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Am*, 474 U.S. 140, 147 (1985). The court reviews *de novo* any part of the Magistrate Judge's Report to which a party has properly objected, and may accept, reject, or modify, in whole or part, the recommended disposition. *See* 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3). However, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted); *see also Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Likewise, "frivolous" objections need not be considered. *Wilson v. Att'y Gen. of Md.*, 991 F.2d 793, 793 (4th Cir. 1993) (citations omitted). "In the absence of 'specific written objection,' the district court [is] free to adopt the magistrate judge's recommendation . . . without conducting a de novo review." *Diamond*, 416 F.3d at 316.

Even affording Plaintiff the "the leeway he deserve[s] as a *pro se* plaintiff," *Cox v. City of Charleston, SC*, 416 F.3d 281, 288 (4th Cir. 2005), the objections are "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. Therefore, Plaintiff's objections are rejected and this court's Opinion and Order entered February 28, 2012, is affirmed.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 6, 2012

---

[1] Plaintiff is no longer incarcerated. Therefore, even if the objections had been placed in the mail on Friday, February 24, 2012, they would be untimely, as Plaintiff no longer benefits from the "prison mailbox rule" enunciated in *Houston v. Lack*, 487 U.S. 266 (1988).